79

## HORTON *versus* RONALDS.

A and B bound themselves by a *sealed agreement* to abide the award of certain others chosen by themselves, in a controversy between them; and that whatever amount was found against either should be paid in *debts due to the party found debtor.*—Held,

That where A on the balance found against B commenced an original attachment, and obtained judgment by default, without a jury, as in *indebitatus assumpsit*, for the amount in *money*, such judgment was erroneous, and that A had not resorted to the proper action.

This action was commenced, by attachment, against Ronalds, in the County Court of Limestone. The plaintiff declared as in *indebitatus assumpsil*, on an agreement *under seal*, to abide the award of certain persons. The agreement stipulated, that whatever amount should be found due against either of the parties, should be paid in debts due, to the party found indebted, in the State of Alabama. An award was made, and a balance found against the defendant, Ronalds. To recover this balance, an attachment was levied and returned to the County Court; and thereon a judgment was rendered against the defendant, by default, for the balance in money, and interest from the date of the award. A writ of error having been taken to the Circuit Court, the judgment was reversed. The case was then brought into the Supreme Court, and the proceedings of the Circuit Court assigned as erroneous.

HOPKINS, for Plaintiff.—*Aik. Dig.* 41, § 15—*ibid.* 269—*Ala. Rep* 18—2 *Chitty's Black.* 100.

By Mr. Justice THORNTON:

This cause was commenced by original attachment, against the defendant in error, who was a non-

resident—returnable to the County Court of Limestone county. In that Court a declaration was filed in the form of *indebitatus assumpsit*; setting forth an agreement, under seal, of the parties; whereby they bound themselves to submit certain matters of controversy between them, to the award and arbitration of two designated persons; who were authorised, in case of disagreement, to select an umpire, any two of whom were authorised to decide; which said agreement contains the further covenant, that whatever amount should be found by the said award, as due from the one to the other, should be paid, not in money, but in debts due to the said party thus ascertained to be the debtor, in Alabama. The declaration also sets forth the award made in pursuance of this covenant, whereby it appears, that the sum of seven hundred and sixty eight dollars, eighty and a half cents, were adjudged as due and payable from the said defendant in error, to the plaintiff. The declaration avers the *super se assumpsit*, in the common form, and concludes with the breach of non-payment of the said sum of money. A judgment was had by default, in the County Court, and rendered without the intervention of a jury, for the said sum of money, with interest thereon from the date of the award. A writ of error was taken to the Circuit Court of Limestone; and, upon various errors assigned, the judgment of the County Court was reversed: from which, the writ of error was taken to this Court.

The assignment of error now made, brings to our view, the correctness of that reversal by the Circuit Court. We have no means of ascertaining, upon which of the various grounds alleged, in the assignment of error below, that Court determined. There is one, however, which, as we think, covers a substantial defect, and sustains the judgment of that Court;

which being decisive of the controversy as now presented, will only be determined by us. Considering the award as made in pursuance of the agreement, and to be an ascertainment of the amount due, the liability of the plaintiff in error, then arises, under his covenant, to discharge that amount, not in money, but in debts due to him from other persons in Alabama. This being the true nature of the obligation, which is contained in the solemn deed of the parties, there is no warrant in law for attempting to enforce a different liability, and by a form of action not appropriate to the nature of the contract.

Let the judgment of the Circuit Court, reversing that of the County Court, be affirmed.